IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

TRUSTEES OF THE PIPE INDUSTRY HEALTH AND WELFARE FUND OF COLORADO,

Plaintiffs,

v.

ROCKY MOUNTAIN PIPING & PLUMBING, INC.,
a Colorado corporation,

Defendant.

---

## COMPLAINT

---

Plaintiffs, Trustees of the Pipe Industry Health and Welfare Fund of Colorado ("Health Fund"), allege the following claims against Defendant, Rocky Mountain Piping & Plumbing, Inc.

### JURISDICTION AND VENUE

1.      This is an action by the trustees of a multi-employer employee benefit fund under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq., and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to collect delinquent employer contributions and related damages owed by Defendant to the Health Fund under the terms of a collective bargaining agreement and associated trust agreements, in accordance with Section 515 of ERISA, 29 U.S.C. § 1145.  In addition, Plaintiffs seek an order (a) requiring Defendant to cooperate in an audit of its payroll records to ascertain the precise

amount of contributions owed, and (b) requiring Defendant to obtain a payment bond guaranteeing the payment of such contributions.

2.     This Court has jurisdiction over the subject matter and parties to this action pursuant to 29 U.S.C. § 1132(e) and (f), 29 U.S.C. § 185, and 28 U.S.C. §§ 1331 and 1337.

3.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2), because the breach took place in Colorado, the Health Fund is administered in Colorado, and Defendant resides in and conducts business in Colorado.

## PARTIES

4.     The Health Fund is a multiemployer employee benefit plan as that term is defined in 29 U.S.C. § 1002(3) and (37).  The Health Fund is an express trust established for the purpose of providing health insurance benefits for employees in the plumbing and pipefitting industry working under collective bargaining agreements.

5.     Plaintiffs, the Trustees of the Health Fund, are fiduciaries as defined in 29 U.S.C. § 1002(21)(A), who are authorized to bring this action under 29 U.S.C. § 1132(a)(3).

6.     In this action, the Health Fund serves as collection agent for related funds to which signatory contractors are obligated to contribute, such as the Colorado Pipe Industry Annuity and Salary Deferral Trust, the JATC Training Fund, and the Safety Training Fund.

7.     Defendant, Rocky Mountain Plumbing & Piping, Inc. ("Rocky Mountain"), is a Colorado corporation, with its office and principal place of business at 1724 North Nevada Avenue, Colorado Springs, CO 80907.

8.     The principal officer of Rocky Mountain is John Parra.  The registered agent is John Stinar, 121 E. Vermijo Avenue, Suite 200, Colorado Springs, CO 80903.

9.      Rocky Mountain is engaged in the plumbing and heating industry as a contractor.

10.     At all times material herein, Rocky Mountain has been an employer within the meaning of ERISA, 29 U.S.C. § 1002(5) and § 1145, and has been engaged in an industry affecting commerce as defined by 29 U.S.C. § 1002(12).

## FACTUAL ALLEGATIONS
### Obligations of Rocky Mountain to Submit Contributions

11.     Since at least January 29, 2014, and at all times material herein, Rocky Mountain has been signatory to and bound by a collective bargaining agreement with Local Union No. 58 of Journeyman and Apprentices of the Plumbing & Pipefitting Industry ("Local 58").

12.     The current collective bargaining agreement ("CBA") between Local 58 and Rocky Mountain, to which Rocky Mountain is bound, is effective by its terms from July 1, 2016 through June 30, 2022.

13.     Pursuant to Article 17, Part B, Section 3 of the CBA, Rocky Mountain is bound by the terms and provisions of each trust agreement governing the Health Fund and related funds and by the rules and regulations of the funds as promulgated by the Trustees (collectively, the "Trust Agreements").

14.     At all times since at least January 29, 2014, Rocky Mountain has been obligated under the provisions of the CBA and Trust Agreements to pay monthly contributions ("Contributions") to the Health Fund and related funds at specified rates for all hours of employees who perform plumbing, pipefitting, and other work covered by the CBA ("Covered Work").

15.     The CBA contains monthly reporting requirements, which require signatory contractors, such as Rocky Mountain, to submit reports and accompanying Contributions by the 15th of each month showing the number of hours, gross wages earned by each employee

performing Covered Work during the preceding calendar month, and amount of Contributions owed to the Funds.

16.     The CBA and Trust Agreements provide that when an employer submits monthly reports and Contributions after the 20th of the month due, they are considered delinquent.  Article 17, Part B, Section 6 of the CBA provides that delinquent Contributions shall be assessed interest at the rate of two percent per month from the date of the delinquency until the employer pays the Contributions.

17.     Article 17, Part B, Section 6 of the CBA provides that in addition to interest, when an employer submits Contributions after the 20th of the month due, the employer shall be assessed liquidated damages in an amount equal to twenty percent of the delinquent Contributions, which is in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

**Contributions and Related Damages Owed to Funds for Employee Benefits**

18.     Rocky Mountain has submitted monthly reports to the Health Fund, showing that it has incurred shortages of $3,739.61 in Contributions for Covered Work to the Health Fund and related funds.

19.     Rocky Mountain has been chronically late in submitting monthly reports and Contributions and has failed to submit them monthly as required by the CBA and Trust Agreements.  For example, Rocky Mountain submitted untimely Contributions for work in July through October 2019 on December 2, 2019, and submitted untimely Contributions for work in December 2019, January 2020, and February 2020 on April 29, 2020.

20.     As a result of Rocky Mountain's late submission of monthly reports and Contributions, the administrative office of the Health Fund has assessed interest of $4,957.33 and liquidated damages of $13,823.40 against Rocky Mountain.

### Request for Audit and Payment Bond

21.     Pursuant to Article V, Section 6 of the Trust Agreement governing the Health Fund and to Article 17, Part B, Section 18 of the CBA, the Trustees have the right, at any reasonable time, and from time to time, to examine an employer's payroll records, including time cards and other records showing the number of hours of Covered Work, to ascertain whether the employer has submitted accurate and complete monthly reports and Contributions.

22.     Article 17, Part B, Section 19 of the CBA provides that an employer shall file with the administrative office of the Health Fund a payment bond executed by the employer and a surety company, to guarantee payment of Contributions and related charges.  The lowest amount of payment bond provided by the CBA is $15,000.

23.     By letter dated April 19, 2019, the Health Fund's attorney requested Rocky Mountain to obtain a payment bond in the amount of $15,000.

24.     By letter dated January 7, 2020, the Health Fund's attorney repeated his request for Rocky Mountain to obtain a payment bond, and also requested Rocky Mountain to cooperate in an examination or audit of the company's payroll records by the Health Fund's auditor to ascertain the correct amount of Contributions due.

25.     By letter dated July 2, 2020, and email correspondence dated July 24, 2020, the Health Fund's attorney informed Rocky Mountain of its delinquent Contributions and other

charges, and reiterated the earlier requests that Rocky Mountain obtain a payment bond and cooperate in the audit by the Health Fund's auditor.

26.     Rocky Mountain has not responded to any of the aforementioned efforts by the Health Fund's representatives to collect Rocky Mountain's delinquent Contributions, obtain a payment bond, and cooperate in the audit.

**FIRST CLAIM FOR RELIEF**
**ERISA, 29 U.S.C. §§ 1132 and 1145**
**Failure to Pay Fringe Benefit Contributions**

27.     Plaintiffs restate and incorporate by this reference the preceding paragraphs of this Complaint as though fully set forth herein.

28.     Rocky Mountain's failure to pay the required Contributions constitutes a breach of the CBA and the Trust Agreements, in violation of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 515 of ERISA, 29 U.S.C. § 1145.

29.     When an employer, such as Rocky Mountain, fails or refuses to pay Contributions in a timely manner, the CBA specifies that the employer shall be liable for interest on the unpaid Contributions at 2 percent per month and liquidated damages at 20 percent.  In addition, the CBA provides that the employer is liable for all expenses, costs, and fees incurred by the Funds in the collection of Contributions, including attorney fees and other costs and expenses.

30.     Pursuant to 29 U.S.C. § 1132(g)(2), the CBA, and the Trust Agreements, Plaintiffs are entitled to judgment against Rocky Mountain for the following damages:

   (a)     The unpaid Contributions owed to the Health Fund and related funds in the amount of $3,739.61;

   (b)     Interest to date in the amount of $4,957.33;

(c)     Liquidated damages at the rate of 20 percent of delinquent Contributions, in the

amount of $13,823.40;

(e)     Reasonable attorney fees and other collection expenses incurred, including court

costs, as provided in 29 U.S.C. § 1132(g)(2); and

(f)     Post-judgment interest.

## SECOND CLAIM FOR RELIEF
## ERISA, 29 U.S.C. §§ 1132 and 1145
## Refusal to Cooperate in Audit

31.     Plaintiffs restate and incorporate by this reference the preceding paragraphs of this

Complaint as though fully set forth herein.

32.     Pursuant to Article V, Section 6 of the Trust Agreement governing the Health Fund

and Article 17, Part 2, Section 18 of the CBA, the Trustees have a right to examine and audit the

books and records of Rocky Mountain, including time cards and other records showing the

number of hours of Covered Work, to ascertain whether Rocky Mountain has submitted accurate

and complete monthly reports and Contributions.

33.     By correspondence dated January 7, July 2, and July 24, 2020, the Trustees of the

Health Fund, through their authorized representatives, requested Rocky Mountain to cooperate in

an audit of its books and records.

34.     Rocky Mountain has not responded to the Health Fund's several requests to

cooperate in the audit.

35.     Rocky Mountain has refused to cooperate and participate in the audit.

36.     By refusing to cooperate and participate in the audit, Rocky Mountain has breached

its obligation to make contributions in accordance with the terms and conditions of the Trust

Agreements, in violation of Section 515 of ERISA, 29 U.S.C. § 1145, and breached the CBA in violation of Section 301 of the LMRA, 29 U.S.C. § 185.

### THIRD CLAIM FOR RELIEF
### LMRA, 29 U.S.C. § 185
### Refusal to Obtain Payment Bond

37.     Plaintiffs restate and incorporate by this reference the preceding paragraphs of this Complaint as though fully set forth herein.

38.     Article 17, Part B, Section 19 of the CBA provides that an employer shall file with the administrative office of the Health Fund a payment bond executed by the employer and a surety company, to guarantee payment of Contributions and related charges.  The lowest amount of payment bond provided by the CBA is $15,000.

39.     By correspondence dated April 19, 2019, and January 7, July 2, and July 24, 2020, the Trustees of the Health Fund, through their authorized representatives, requested Rocky Mountain to obtain a payment bond in the amount of $15,000.

40.     Rocky Mountain has not responded to the Health Fund's several requests to obtain a payment bond.

41.     Rocky Mountain has not obtained a payment bond in the amount of $15,000 or any other amount.

42.     By refusing to obtain a payment bond, Rocky Mountain has breached the CBA in violation of Section 301 of the LMRA, 29 U.S.C. § 185.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendant, Rocky Mountain Plumbing & Heating, Inc., providing for the following relief:

A.      Ordering Rocky Mountain to pay Contributions of $3,739.61 to the Health Fund and related funds.

B.      Ordering Rocky Mountain to pay interest to date of $4,957.33 at the rate of 2 percent per month as specified in the collective bargaining agreement.

C.      Ordering Rocky Mountain to pay an additional amount of liquidated damages, $13,823.40, which is the greater of interest on the unpaid Contributions at the rate of 2 percent per month or liquidated damages at the rate of 20 percent, in accordance with 29 U.S.C. § 1132(g)(2).

D.      Ordering Rocky Mountain to participate and cooperate in an audit of its payroll records by the Health Fund to ascertain whether Rocky Mountain has submitted accurate and complete monthly reports and Contributions.

E.      Ordering Rocky Mountain to pay any additional Contributions determined by the auditor to be due, in addition to interest and liquidated damages.

F.      Ordering Rocky Mountain to apply for and obtain a payment bond in the amount of $15,000.

G.      Ordering Rocky Mountain to reimburse the Health Fund for reasonable attorney fees, costs, and other expenses incurred in this action, and to pay post-judgment interest at the rate provided by law.

H.      Ordering such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted this 30th day of July, 2020.

SPENCER FANE LLP


*s/ Michael J. Belo*
Michael J. Belo
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Telephone: (303) 592-8313
Fax: (303) 839-3838
Email: mbelo@spencerfane.com

Attorneys for Plaintiffs